NEW JERSEY MISCELLANEOUS REPORTS. 231

Supreme Court—Wolfe v. Mayor and Aldermen of Jersey City, &c.

SARA WOLFE, TRADING AS WOLFE'S LOAN OFFICE, PLAINTIFF-APPELLANT, v. THE MAYOR AND ALDERMEN OF JERSEY CITY, AND LUKE BURKE, PROPERTY CLERK OF JERSEY CITY, DEFENDANTS-RESPONDENTS.

Submitted December 6, 1924—Decided February 19, 1925.

**Replevin—Property Left at a Pawn Broker's Shop Upon Which No Loan Had Yet Been Made, and Turned Over to Police for the Purpose of Finding Real Owner—Real Owner Not Yet Found—Police Still Investigating—No Time Limit Fixed for Its Return—Whether Defendants' Right of Possession Might Have Been Terminated by a Demand of Plaintiff Before Purpose of Possession Had Been Consummated Not Before Court as no Such Demand Appears to Have Been Made.**

On appeal from the First District Court of Jersey City.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the appellant, *Herman Lipschitz.*

For the respondents, *Thomas J. Brogan.*

PER CURIAM.

The state of the case as settled by the trial judge discloses that this action was brought to recover possession of a diamond ring, a little over one karat in weight, in a gold setting. The plaintiff came into possession of the ring February 3d, 1924, under the following circumstances: A woman giving her name as Mary Kelly, of Newark avenue, Jersey City, called at the place of business of the plaintiff and produced to the clerk in charge thereof the diamond ring in question, and requested a loan upon the pledge of it of $75. The clerk examined the ring and said he would loan $35 upon it, to which the woman replied that that would be satisfactory. He then made an entry in his books, and wrote out a ticket. Before giving the money to the woman he went to

232 NEW JERSEY MISCELLANEOUS REPORTS.

Supreme Court—Wolfe v. Mayor and Aldermen of Jersey City, &c.

the telephone near by and called police headquarters. The woman at once ran out of the store leaving the ring upon the counter. Detectives from police headquarters called at the plaintiff's place of business within a short time, heard the clerk's story, and took the ring, giving to the plaintiff a receipt therefor, in order that the true owner of the ring might be found. No money was paid by the plaintiff on account of the pledge. The police authorities endeavored to find the owner of the ring by inserting news articles in the local papers, and otherwise, but have been unsuccessful. The ring was turned over to Mr. Burke, the property custodian, and is now in his custody. The police are still endeavoring to find the owner of the ring, and are still having inquiries from people claiming to be the owner. Judgment was rendered in favor of the defendants by the trial judge sitting without a jury.

We are now asked to reverse this judgment because—(1) the "judgment is contrary to law;" (2) "there was no evidence upon which the trial judge could predicate a judgment in favor of the defendant;" (3) "on the evidence judgment should have been rendered in favor of the plaintiff."

But the record presents no support for such reasons for reversal. On the contrary, it justifies and requires, we think, the judgment rendered.

The position of the plaintiff is set out in her brief as follows: "The plaintiff delivered the ring to the defendant for one definate and specific purpose. * * * The purpose for which it was delivered was to ascertain, if possible, the true owner of the ring. * * * The possession of the defendants was a qualified one—a limited one. It was qualified and limited to exerting their efforts in behalf of locating the true owner."

For present purposes we accept the plaintiff's version. Thereby it appears that the plaintiff voluntarily delivered the ring to the defendants for the purpose of finding the true owner. There is nothing to indicate that any time limit was interposed as to such possession for the purpose of such investigation, nor, indeed, that any condition whatsoever was

imposed as to the re-delivery of the ring. It, therefore, appears that the possession of the defendants was lawful in its inception, and the state of the case shows that the lawful purpose for which defendants held possession has not been completed, and that defendants retain possession for that purpose, and no other purpose or claim of right is asserted. Whether under the peculiar circumstances of this case the right of possession of the defendants might have been terminated by a demand made by the plaintiff for the return of the ring to her before the purpose of the delivery was completed, so as to enable the plaintiff to successfully maintain her action for replevin, need not now be determined, since there is no evidence whatsoever that such demand, or any demand whatever, was made at any time.

Out conclusion is that the judgment below was amply justified in the situation disclosed by the record, and the judgment will be affirmed, with costs.